**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

ASD SPECIALTY HEALTHCARE, INC., d/b/a )
ONCOLOGY SUPPLY COMPANY, )
                              )
           **Plaintiff,** )
                              )       **Civil Action No: 1:07-CV-334-MEF**
         **v.** )
                              )
MEXICO MEDICAL SPECIALISTS, L.C., )
                              )
         **Defendant.** )

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION MAKE MORE DEFINITE AND CERTAIN, AND, IN THE ALTERNATIVE, TO TRANSFER VENUE

    Defendant Mexico Medical Specialists, L.C. ("MMS") submits this memorandum in support of its Motion to Make More Definite and Certain, and, in the Alternative, to Transfer Venue.

### INTRODUCTION

    This case, which alleges counts for breach of contract (Count I), breach of account stated (Count II), and unjust enrichment (Count III), is premised on an "Application for New Account," which is a credit application, (hereinafter, the "Application") purportedly between Plaintiff ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("Plaintiff") and MMS. Counts I and II, and, to great extent, Count III, of the Plaintiff's Complaint rely on the Application as their basis. However, the copy of the Account attached to the Complaint, at Exhibit A hereto, and a copy later provided to MMS, at its request, at Exhibit B, are largely illegible. For that reason, MMS is requesting that Plaintiff be required to make a more definite and certain statement of its claims against MMS, and the basis for the same, by providing MMS with a legible copy of the Account. Notably, from what MMS can decipher, the Account was not signed by any physicians practicing at MMS who are and were the sole members of MMS, and appears to set a credit limit of Seventy Five

Thousand Dollars ($75,000.00). *See* Account, Ex. A and B. Plaintiff's claim in this case is for One

Hundred Sixty Five Thousand Four Hundred and Eighty Seven Dollars and 87/100 ($165,487.87).

MMS has been unable to find a copy of the Account in its files. Thomas Decl. Ex. C.

Further, to the extent that MMS can decipher the copies of the Account provided by Plaintiff,

it does not appear that the Account contains a venue provision clause, or that MMS consented to

venue in either state or federal court in Alabama. As noted by Plaintiff in its Complaint, MMS is a

Missouri limited liability company, which provides medical services to patients in Missouri, and no

where else. All of MMS's physicians, including the only physician who used oncology drugs, Dr.

Waheed ("Waheed"), who is now a disassociated member of MMS, practicing elsewhere, are in the

small town of Mexico, Missouri. The relevant records, and all of MMS's assets, including its

accounts receivable, are also in Missouri.

## ARGUMENT

I.     **Plaintiff Should Make A More Definite and Certain Statement Of Its Claims Against
       MMS By Submitting A Legible Copy Of The Account, So That MMS May Frame Its
       Responsive Pleading.**

As stated above, the Account provided by Plaintiff as the basis for its claims is largely

illegible. *See* Application for Account, at Ex. A and B. MMS cannot ascertain whether, in fact, it

submitted to venue in Alabama (although MMS believes the Account contains only a statement that,

by signing, one consents and agrees to the "jurisdiction of the laws of the State of Alabama"), what

other "General Provisions" might apply, and what credit limit applies (although, again, MMS

believes the Account has a credit limit of $75,000.00). Unfortunately, MMS does not seem to have a

copy of the Account in its files, and none of the MMS physicians remember the terms, because none

of them signed it. Thomas Decl. at Ex. C. Waheed, the only MMS physician using chemotherapy

2

drugs, meaning the drugs purportedly provided pursuant to the Account, has disassociated from and left MMS. Thomas Decl. at Ex. C.

For all of these reasons, it is virtually impossible at this point for MMS to formulate its responsive pleadings, including both defenses and admissions, to the Plaintiff's Complaint, and, accordingly, the Court should enter its order requiring Plaintiff to make a more definite statement of its claims by filing a clear and legible copy of the Account, and providing the same to MMS, pursuant to Fed. R. Civ. P. 12(e).

## II. Venue Should Be Transferred To The United States District Court For The Eastern District of Missouri.

One problem with determining venue, as with everything else alleged in the Complaint, is that the Account cannot be read, and so MMS cannot say for certain whether there was any consent to venue in the state or federal courts of Alabama. To the extent that MMS can decipher the Account, it appears to state only that by signing, one consents to the "jurisdiction of the laws of the State of Alabama," but MMS cannot be completely certain of that interpretation of the rather poor copies of the Account which it received. Account, Ex. A and B.

### A. Venue and Jurisdiction Over Limited Liability Companies, like MMS, Under Federal Law

With regard to proper venue under 28 U.S.C. § 1391, a limited liability company is treated like a corporation. *Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainment*, 387 U.S. 556, 559-60 (1967). Thus, 28 U.S.C. § 1391(c) governs, which provides that:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal

3

> jurisdiction at the time an action is commenced, such corporation shall be deemed to
> reside in any district in that State within which its contacts would be sufficient to
> subject it to personal jurisdiction if that district were a separate State, and, if there is
> no such district, the corporation shall be deemed to reside in the district within which
> it has the most significant contacts.

Personal jurisdiction *may* be proper as to the entity, MMS, in Alabama, provided that the

Account does contain a valid consent to personal jurisdiction in the State of Alabama. Again, it is

heard to read, so it is hard to tell. Notably, however, the Account was not signed by any member of

MMS, all of whom were the physicians of MMS at the time, and all of whom are still physicians,

although one such member physician, Waheed, has since become a disassociated member. Thomas

Decl. at Ex. C. Rather, the Account, and thus any consent, appears to have been signed by an office

manager for MMS, who is also a resident of Missouri. Thomas Decl. at Ex. C.

Even if there is personal jurisdiction over MMS, the entity, pursuant to Alabama's long-arm

statute, there is no corresponding personal jurisdiction over the members, including both

disassociated and active members, of MMS. *South Alabama Pigs, L.L.C. v. Farmer Feeders, Inc.*,

305 F. Supp.2d 1252, 1260 (M.D. Ala. 2004)(personal jurisdiction over individuals may not be

predicated on dealings with corporate entity). The currently active members of MMS did not order

any drugs from Plaintiff, use any such drugs, or sign any Account with Plaintiff. Thomas Decl. at

Ex. C. Waheed was the only oncologist at MMS, and the physician who would have ordered and

used all the chemotherapy drugs at issue. Thomas Decl. at Ex. C. He has disassociated from MMS,

and now practices elsewhere in Mexico, Missouri. Thomas Decl. at Ex. C. Granted, Plaintiff has

not sued any of the physician members of MMS individually, but they will undoubtedly be necessary

witnesses in this case, as will the MMS office manager who appears to have signed the Account. All

4

of these persons are in Missouri, and all (except possibly Waheed, to an extent) have no contacts with Alabama.

**B.     The Convenience Of The Parties, And The Interests Of Justice, Weigh In Favor Of Transfer To The United States District Court For The Eastern District Of Missouri**

28 U.S.C. § 1404(a) allows a transfer of venue, in the Court's discretion, when it is for the convenience of parties and witnesses, and in the interest of justice, but only to a district or division where the action might have been brought. This is a case-by-case determination, "based on principles of fairness and convenience." *Barnett v. St. of Alabama*, 171 F. Supp.2d 1292, 1294 (S.D. Ala. 2001). Because MMS is a Missouri limited liability company, which transacts its medical business in the Eastern District of Missouri, this action could have been brought in the United States District Court for the Eastern District of Missouri. 28 U.S.C. § 1391(c). Venue is properly transferred there, as set forth below in detail.

There are several factors to be considered in determining whether a transfer of venue is warranted, but "the most important factor in passing on a motion to transfer under section 1404(a) is the convenience of the witnesses." *Merritt v. Jay Pontiac-GMC Truck, Inc.*, 952 F. Supp. 754, 756 (M.D. Ala. 1996); *see also Folkes v. Haley*, 64 F. Supp.2d 1152, 1154-1155 (M.D. Ala. 1999). In the instant action, as in the *Merritt* case, the principal defense witnesses, meaning the employees, members and disassociated member of the defendant limited liability company, MMS, all of whom are non-parties to this lawsuit, are located in Mexico, Missouri. Thomas Decl. at Ex. C. Compulsory process will likely be necessary to make their testimony available, particularly as to Waheed, a disassociated member of MMS and the absolutely key witness in this case. *See Holmes v.*

*Freightliner, Inc.*, 237 F. Supp.2d 690, 694-695 (M.D. Ala. 2002)(a court should consider not only convenience, but "also the availability of testimony at trial," particularly as to key and non-party witnesses).

The remaining factors to be considered in determining whether transfer is warranted include: (1) the relative access to sources of proof; (2) the cost of attendance at trial of willing witnesses; (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (4) public interest factors. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947); *Merritt v. Jay Pontiac-GMC Truck, Inc.*, 952 F. Supp. at 756. Each of these factors weighs in favor of transfer. The records and accounts receivable of MMS are all located in Mexico, Missouri. Thomas Decl. at Ex. C. *Barnett v. St. of Alabama*, 171 F. Supp.2d at 1295 (transfer is warranted where most, if not all, evidence is in another district). Any chemotherapy drugs that might be left to be returned are likely in Mexico, Missouri, in the possession of Waheed. Thomas Decl. at Ex. C. *Id.* Judicial resources, and non-party resources, would be most efficiently utilized, and trial and collection on any judgment would be most "easy, expeditious and inexpensive" in Missouri. *Id.*

### C.     Principles Of Fairness, And The Public Interest, Also Weigh In Favor Of Transfer

Finally, principles of fairness, and the public interest, which should be taken into consideration by the Court, weigh in favor of transfer. *See Barnett v. St. of Alabama*, 171 F. Supp.2d at 1294. The MMS employee who appears to have signed the Account, and who will be a key witness, resides in Missouri and should not be forced to travel to Alabama to testify. The non-disassociated members of MMS are both physicians very actively practicing in a small town in Missouri. Thomas Decl. at Ex. C. They, and their patients, cannot afford to be gone or to have them

gone for periods of time. Neither of these physicians contracted for or used any chemotherapy drugs provided by Plaintiff. Thomas Decl. at Ex. C. Their access to Waheed, another key witness, and the disassociated member of MMS who did use chemotherapy drugs provided by Plaintiff, is best in Missouri, since that is where he also resides and practices. Thomas Decl. at Ex. C.

Again, these are small town Missouri doctors, who are not parties and are not subject to personal jurisdiction in Alabama. *South Alabama Pigs, L.L.C. v. Farmer Feeders, Inc.*, 305 F. Supp.2d at 1260. They operate a small town Missouri practice, and forcing them to travel, and to transport all of their records, to Alabama, possibly on multiple occasions, in order to defend against this lawsuit brought by a company whose products only Waheed used, solely because an MMS office manager signed the Application for Account, which appears to contain a blanket provision consent "to the jurisdiction of the laws of the State of Alabama," is not fair or in the interest of their patients.

### D.    Even If Alabama Law Does Apply, That Does Not Mandate That This Action Be Tried In Alabama

MMS admits that, to the extent that it can read the Account, it does appear that said document contains a provision stating that the signatories thereto "consent to the jurisdiction of the laws of the State of Alabama." Account, at Ex. A and B. Nonetheless, a choice of law provision, or even a forum selection provision (which does not appear to be in the Account, to the extent it can be deciphered), "does not mandate litigation" in state or federal court in Alabama. *Reliance Nat'l. Indem. Co. v. Pinnacle Cas. Assur. Corp.*, 160 F. Supp.2d 1327, 1329-1330 (M.D. Ala. 2001). The United States District Court for the Eastern District of Missouri can apply Alabama law, and nothing in the Account forecloses it from so doing. *Id.* at 1331.

## III.    Conclusion

This case does not belong in the United States District Court for the Middle District of Alabama. It belongs where the key witnesses, evidence, and assets that might be used to satisfy any judgment are located, and where said witnesses are within the subpoena power of the courts – the Eastern District of Missouri. Regardless of where it is tried, this case also needs to be made more definite and certain via the filing of a legible Application for Account copy, so that MMS may properly defend itself against Plaintiff's allegations.

For all of the foregoing reasons, this Court should: (1) grant MMS's Motion to Make More Definite and Certain; and (2) exercise its discretion and transfer this case, in its entirety, to the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

RAMSEY, BAXLEY & McDOUGLE

By:   */s/Wade H. Baxley*
    Wade H. Baxley, AL Bar No. 00021271
    **Ramsey, Baxley & McDougle**
    Attorney for Defendant
    P.O. Drawer 1486
    Dothan, Alabama 36302
    334-793-6550
    334-793-1433 (Facsimile)
    whb@rbmlaw.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of May, 2007, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of said filing will be served electronically on the following:

Elizabeth B. Shirley
Burr & Forman, LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203
bshirley@burr.com

                                    /s/ Wade H. Baxley
                                    Of Counsel