IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ) <br> ONCOLOGY SUPPLY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEXICO MEDICAL SPECIALISTS, L.C., ) <br> ) <br> Defendant. ) | Civil Action No: 1:07-CV-334-MEF |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant Mexico Medical Specialists, L.C. ("MMS") submits this memorandum in support of its Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue.

### INTRODUCTION

This case, which alleges counts for breach of contract (Count I), breach of account stated (Count II), and unjust enrichment (Count III), is premised on an "Application for New Account," which is a credit application, (hereinafter, the "Account") purportedly between Plaintiff ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("Plaintiff") and MMS. Notably, the Account was not signed by any physicians practicing at MMS, who are and were the sole members of MMS, and appears to set a credit limit of Seventy Five Thousand Dollars ($75,000.00). *See* Account, Ex. A. Plaintiff's claim in this case is for One Hundred Sixty Five Thousand Four Hundred and Eighty Seven Dollars and 87/100 ($165,487.87).

Further, to the extent that MMS can decipher the copies of the Account provided by Plaintiff, the last such copy being more legible than prior versions, but still not completely legible, it does not

appear that the Account contains a consent to venue in the state or federal courts of Alabama, or any venue provision clause.

As noted by Plaintiff in its Amended Complaint, MMS is a Missouri limited liability company, which provides medical services to patients in Missouri, and no where else. MMS's only members are its physicians. All of MMS's physicians, including the only physician who used oncology drugs, Dr. Waheed ("Waheed"), who is now a disassociated member of MMS practicing in conjunction with the local hospital, are in the small town of Mexico, Missouri. The relevant records, and all of MMS's assets, including its accounts receivable, are also in Missouri. Dr. Waheed's accounts receivable, and any oncology drugs that he might still have available to return, are in Mexico, Missouri.

## ARGUMENT

**I.    This Case Should Be Dismissed For Improper Venue, Or, In The Alternative, Venue Should Be Transferred To The United States District Court For The Eastern District of Missouri.**

To the extent that MMS can decipher the Account, it appears to state only that by signing, one consents to the "jurisdiction of the laws of the State of Alabama." Ex. A. It contains no consent to venue in Alabama state or federal court. Ex. A. For the following reasons, venue should be set in the United States District Court for the Eastern District of Missouri, either via transfer pursuant to 28 U.S.C. § 1404(a), or dismissal of this action by this Court.

### A. Venue and Jurisdiction Over Limited Liability Companies, like MMS, Under Federal Law

With regard to proper venue under 28 U.S.C. § 1391, a limited liability company is treated like a corporation. *Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainment*, 387 U.S. 556, 559-60 (1967). Thus, 28 U.S.C. § 1391(c) governs, which provides that:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Personal jurisdiction may be proper as to the entity, MMS, in Alabama, provided that the Account does contain a valid consent to personal jurisdiction in the State of Alabama. Notably, the Account was not signed by any member of MMS, all of whom were the physicians of MMS at the time, and all of whom are still physicians, although one such member physician, Waheed, has since become a disassociated member, and now practices with the local hospital in Mexico, Missouri. Thomas Decl. at Ex. B. Rather, the Account, and thus any consent, appears to have been signed by an office manager for MMS, who is also a resident of Mexico, Missouri. Thomas Decl. at Ex. B.

Even if there is personal jurisdiction over MMS, the entity, pursuant to Alabama's long-arm statute, there is no corresponding personal jurisdiction over the members, including both disassociated and active members, of MMS. *South Alabama Pigs, L.L.C. v. Farmer Feeders, Inc.*, 305 F. Supp.2d 1252, 1260 (M.D. Ala. 2004)(personal jurisdiction over individuals may not be predicated on dealings with corporate entity). The currently active members of MMS did not order any drugs from Plaintiff, use any such drugs, or sign any Account with Plaintiff. Thomas Decl. at

Ex. B. Waheed was the only oncologist at MMS, and the physician who would have ordered and used all the chemotherapy drugs at issue. Thomas Decl. at Ex. B. It is out of Waheed's accounts receivable that chemotherapy drug bills should have been paid. Waheed has disassociated from MMS, and now practices in conjunction with the Audrain Medical Center in Mexico, Missouri. Thomas Decl. at Ex. B. Granted, Plaintiff has not sued any of the physician members of MMS individually, but they will undoubtedly be necessary witnesses in this case, as will the MMS office manager who appears to have signed the Account. All of these persons are in Missouri, and have no contacts with Alabama all (except possibly Waheed, to an extent).

### B. The Convenience Of The Parties, And The Interests Of Justice, Weigh In Favor Of Transfer To The United States District Court For The Eastern District Of Missouri

28 U.S.C. § 1404(a) allows a transfer of venue, in the Court's discretion, when it is for the convenience of parties and witnesses, and in the interest of justice, but only to a district or division where the action might have been brought. This is a case-by-case determination, "based on principles of fairness and convenience." *Barnett v. St. of Alabama*, 171 F. Supp.2d 1292, 1294 (S.D. Ala. 2001). Because MMS is a Missouri limited liability company, which transacts its medical business in the Eastern District of Missouri, this action could have been brought in the United States District Court for the Eastern District of Missouri. 28 U.S.C. § 1391(c). Venue is properly transferred there, as set forth below in detail.

There are several factors to be considered in determining whether a transfer of venue is warranted, but "the most important factor in passing on a motion to transfer under section 1404(a) is the convenience of the witnesses." *Merritt v. Jay Pontiac-GMC Truck, Inc.*, 952 F. Supp. 754, 756

(M.D. Ala. 1996); *see also Folkes v. Haley*, 64 F. Supp.2d 1152, 1154-1155 (M.D. Ala. 1999). In the instant action, as in the *Merritt* case, the principal defense witnesses, meaning the employees, members and disassociated member of the defendant limited liability company, MMS, all of whom are non-parties to this lawsuit, are located in Mexico, Missouri. Thomas Decl. at Ex. B. Compulsory process will likely be necessary to make their testimony available, particularly as to Waheed, a disassociated member of MMS and the absolutely key witness in this case. *See Holmes v. Freightliner, Inc.*, 237 F. Supp.2d 690, 694-695 (M.D. Ala. 2002)(a court should consider not only convenience, but "also the availability of testimony at trial," particularly as to key and non-party witnesses).

The remaining factors to be considered in determining whether transfer is warranted include: (1) the relative access to sources of proof; (2) the cost of attendance at trial of willing witnesses; (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (4) public interest factors. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947); *Merritt v. Jay Pontiac-GMC Truck, Inc.*, 952 F. Supp. at 756. Each of these factors weighs in favor of transfer. The records and accounts receivable of MMS, and Waheed, are all located in Mexico, Missouri. Thomas Decl. at Ex. B. *Barnett v. St. of Alabama*, 171 F. Supp.2d at 1295 (transfer is warranted where most, if not all, evidence is in another district). Any chemotherapy drugs that might be left to be returned are likely in Mexico, Missouri, in the possession of Waheed. Thomas Decl. at Ex. B. *Id.* The costs incurred by witnesses necessary for MMS's defense, if forced to travel to Alabama for trial, would be substantial. Judicial resources, and non-party resources, would be most efficiently utilized, and trial and collection on any judgment would be most "easy, expeditious and inexpensive" in Missouri. *Id.*

### C. Principles Of Fairness, And The Public Interest, Also Weigh In Favor Of Transfer

Finally, principles of fairness, and the public interest, which should be taken into consideration by the Court, weigh in favor of transfer. *See Barnett v. St. of Alabama*, 171 F. Supp.2d at 1294. The MMS employee who appears to have signed the Account, and who will be a key witness, resides in Missouri and should not be forced to travel to Alabama to testify. The non-disassociated members of MMS are both physicians very actively practicing in a small town in Missouri. Thomas Decl. at Ex. B. They, and their patients, cannot afford to be gone or to have them gone for periods of time. Neither of these physicians contracted for or used any chemotherapy drugs provided by Plaintiff. Thomas Decl. at Ex. B. Their access to Waheed, another key witness, and the disassociated member of MMS who did use chemotherapy drugs provided by Plaintiff, is best in Missouri, since that is where he also resides and practices. Thomas Decl. at Ex. B.

Again, these are small town Missouri doctors, who are not parties and are not subject to personal jurisdiction in Alabama. *South Alabama Pigs, L.L.C. v. Farmer Feeders, Inc.*, 305 F. Supp.2d at 1260. They operate a small town Missouri private practice, and one assists in staffing the local emergency room. Forcing them to travel, and to transport all of their records, to Alabama, possibly on multiple occasions, in order to defend against this lawsuit brought by a company whose products only Waheed used, solely because an MMS office manager signed the Application for Account, which appears to contain a blanket provision consent "to the jurisdiction of the laws of the State of Alabama," is not fair or in the interest of their patients.

### D. Even If Alabama Law Does Apply, That Does Not Mandate That This Action Be Tried In Alabama

MMS admits that, to the extent that it can read the Account, it does appear that said document contains a provision stating that the signatories thereto "consent to the jurisdiction of the laws of the State of Alabama." Account, at Ex. A. Nonetheless, a choice of law provision, or even a forum selection provision (which does not appear to be in the Account), "does not mandate litigation" in state or federal court in Alabama. *Reliance Nat'l. Indem. Co. v. Pinnacle Cas. Assur. Corp.*, 160 F. Supp.2d 1327, 1329-1330 (M.D. Ala. 2001). The United States District Court for the Eastern District of Missouri can apply Alabama law, and nothing in the Account forecloses it from so doing. *Id.* at 1331.

### CONCLUSION

This case does not belong in the United States District Court for the Middle District of Alabama. It belongs where the key witnesses, evidence, and assets that might be used to satisfy any judgment are located, and where said witnesses are within the subpoena power of the courts – the Eastern District of Missouri.

For all of the foregoing reasons, this Court should either dismiss this action for improper venue, or, in the alternative, transfer this case, in its entirety, to the United States District Court for the Eastern District of Missouri.

RAMSEY, BAXLEY & McDOUGLE

By: /S/ Wade H. Baxley
    Wade H. Baxley    (BAX004)
    Attorneys for Defendant
    P. O. Drawer 1486
    Dothan, AL 36302
    (334) 793-6550

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2007, I have filed the above and foregoing electronically with the Clerk of the Court using the CM/ECF system and that notice of my filing of the same will be electronically served on:

Elizabeth B. Shirley, Esq. @ bshirely@burr.com; cdyer@burr.com

/s/ Wade H. Baxley
Of Counsel

# EXHIBIT A

# ONCOLOGY SUPPLY COMPANY

POST OFFICE BOX 2001 . DOTHAN, AL 36302 . Tel: (800) 633-7555 . Fax: (800) 248-8205

## APPLICATION FOR NEW ACCOUNT

The following is an application for credit with ONCOLOGY SUPPLY COMPANY. Also known as creditor within the general provisions of this application.

### 1. COMPANY INFORMATION

| Tax ID Number | Firm or Corp. Name |
|---|---|
| 43-1747697 | Mexico Medical Specialists, L.C. |

| Street Address |
|---|
| 600 Medical Park Dr. |

| P.O. Box | City | State | Zip |
|---|---|---|---|
|  | Mexico | MO | 65265 |

| Telephone Number | Fax Number | Year Established |
|---|---|---|
| 573-581-8500 | 573-581-5397 | 1996 |

| Is business incorporated? | If so, under laws of what state? |
|---|---|
| Yes L.C. | Missouri |

Billing Address (If different from above):

| City | State | Zip | Phone No. | Fax No. |
|---|---|---|---|---|
|  |  |  |  |  |

| Parent Company | Street Address |
|---|---|
| T.M.W., L.C. | 600 Medical Park Dr |

| P.O. Box | City | State | Zip |
|---|---|---|---|
|  | Mexico | MO | 65265 |

| Full Names of Officers, Partners and/or Proprietors: | Title |
|---|---|
| N. Eugene Thomas, D.O. | Managing Partner |
| Shahid Waheed, M.D. | Partner |
| Mary E Mullen, M.D. | Partner |

Does your firm use purchase order numbers?  Yes ☐  No ☒
Is your business a member of a GPO?  Yes ☐  No ☒  If so, which GPO? _____

PLEASE FORWARD A COPY OF YOUR CURRENT PHYSICIAN STATE LICENSE AND YOUR CURRENT DEA REGISTRATION. COPIES MAY BE FAXED. FAILURE TO DO SO COULD DELAY SHIPPING OF ANY PENDING ORDERS. State Physicians' License #: MD103168    Exp. Date: 1-31-2000
DEA Form #: BW2917308    Exp. Date: 5-31-2000

### 2. BANK REFERENCES

| Bank Name | Account # | Contact |
|---|---|---|
| First National Bank | 018376 | Mike Bunge |

| Address | City | State | Zip | Phone |
|---|---|---|---|---|
| 203 E Liberty | Mexico | MO | 65265 | 573-581-2381 |

| Bank Name | Account # | Contact |
|---|---|---|
| First National Bank | 017795 | Mike Bunge |

| Address | City | State | Zip | Phone |
|---|---|---|---|---|
| 203 E Liberty | Mexico | MO | 65265 | 573-581-2381 |

1

3. CREDIT REFERENCES

#31046

| Company Name | OTN | Contact | | | |
|---|---|---|---|---|---|
| Address | | City | State | Zip | Phone |
| Company Name | | Contact | | | |
| Address | | City | State | Zip | Phone |

A copy of our terms and policies has been included for your signature. Please review, sign, and return the acknowledgment page along with this application.

## GENERAL PROVISIONS

This application and the information contained herein is a request for the extension of credit for commercial business use only and applicant certifies that the firm he represents is doing business as a Corporation (X) Partnership ( ) or Sole Proprietorship ( ). Please check one. The applicant authorizes the above named creditor to obtain written or oral credit reports from any credit reporting agency. The applicant further authorizes any bank or commercial business with whom the applicant is doing or has done any business with to give any and all necessary information to the creditor which will assist creditor in the credit investigation. The applicant further authorizes the creditor to reinvestigate the applicants' credit status from time to time as the creditor deems necessary and should creditor upon such reinvestigation deem it necessary to limit or terminate the credit arrangement with applicant, said applicant shall be notified in writing as to any adverse action. Upon approval of this application for credit, said applicant will be notified in writing along with the creditor's terms of sale and should applicant at some future time deviate from the creditor's terms of sale, said creditor reserves the right to terminate future extension of credit with applicant.

If credit is extended, I (we) agree to pay Creditor all debts incurred within creditor's terms of sale.
I (we) expressly waive all right of exemption under the constitution and laws of the State of Alabama and any other state, as to personal property and I (we) agree to pay all costs of collection or attempting to collect or secure any and all debts which I (we) now owe or which I (we) may in the future owe creditors for goods sold to me (us) or for services rendered including a reasonable attorney's fee on the unpaid debt so long as any of said indebtedness is due and unpaid, and I consent and agree to the jurisdiction of the laws of the State of Alabama governing the collection of any and all debts. I also agree to pay a FINANCE CHARGE OF 1.5% PERCENT PER MONTH(ANNUAL PERCENTAGE OF 18%) on any unpaid past due balance. Creditor is hereby authorized to deliver goods or perform services for the following at my (our) request and charge same to my (our) account and this shall continue until written notice to the contrary is given and accepted, which acceptance shall be evidenced by signature of creditor.

Applicant's Signature: _Diane Hayden_    Title: _Practice Manager_

Applicant's Signature: _____    Title: _____

Please indicate the estimated monthly purchases from Oncology Supply Company (This will help us to determine the credit amount) $50,000

Witness my (our) hand(s) this the 25 day of January, 1999.

Witness: _Courtney Mills_    Date: 1-25-99

ALL OF THE ABOVE INFORMATION IS FOR FILE PURPOSES ONLY AND WILL BE HELD IN STRICTEST CONFIDENCE.

For Office Use Only
Credit Limit: 75K
Date Approved: 1-25-99
Approved By: _GM_

2

## CONTRACT INFORMATION

If you have signed a contract with one of the following groups, we ask that you contact your representative at the number listed below and request that your contract be forwarded to Oncology Supply Company so we may service your account promptly and efficiently. It is important that we have your contract as soon as possible so we may be sure and have the correct pricing in our system for your account.

If you have one of the following contracts, please indicate in the boxes below.

- [x] Amgen     Contact Alison Windrum     1-800-926-4369 ext. 74494
- [ ] Glaxo     Contact your representative or 1-800-445-2964
- [ ] Immunex     Contact Lisa Addicott     1-800-466-8639
- [ ] SKB     Contact your representative
- [ ] Other:     Please list the contract(s) below and call your representative:

_____

_____

_____

Thank you and welcome to Oncology Supply Company!

4

# EXHBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ) <br> ONCOLOGY SUPPLY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEXICO MEDICAL SPECIALISTS, L.C., ) <br> ) <br> Defendant. ) | Civil Action No: 1:07-CV-334-MEF |

### AFFIDAVIT OF NORVIN EUGENE THOMAS, D.O.

COMES NOW, Norvin Eugene Thomas, D.O., and being duly sworn upon his oath, does hereby state the following:

1. I am a member of Mexico Medical Specialists, L.L.C. ("MMS"), the defendant in this action.

2. The other members of MMS are Mary Ellen Mullen, M.D., and Shahid Waheed, M.D. Shahid Waheed ("Waheed") is a disassociated member.

3. Mary Ellen Mullen, M.D. is an internal medicine physician who does not use, and has never used, any chemotherapy drugs, including any drugs or products provided by the plaintiff in this action.

4. I am pulmonologist/pulmonary specialist. I have never used any chemotherapy drugs, including any drugs or products provided by the plaintiff in this action.

5. Waheed, the disassociated member of MMS, who is now affiliated with, and practices at, the Audrain Medical Center in Mexico, Missouri, is an oncologist. He would have been the only member of MMS to use chemotherapy drugs, including any drugs or products provided by the plaintiff in this action.

6. Mexico, Missouri is a small town of approximately eleven thousand people, located

1

in central Missouri. MMS's patient base is located in Mexico, Missouri and the surrounding, and smaller, communities.

7. Plaintiff's complaint in this case appears to be premised on sales of chemotherapy drugs made pursuant to an Application on Account, which was attached to the complaint. No member of MMS signed this Application on Account. Rather, it was signed by an MMS office manager, who also resides in Mexico, Missouri.

8. We do not have an original copy of this Application on Account in our files. The copy attached to the complaint, and a copy later provided by the plaintiff, are both largely illegible.

9. No physician member of MMS recalls the terms of the Application on Account. Only Waheed would have been directly involved with it, in any event, and he no longer works at or is affiliated with MMS (except as a disassociated member).

10. MMS has no offices, physicians or employees anywhere other than Mexico, Missouri.

11. The records and accounts receivable of MMS are all located in Mexico, Missouri.

12. Any chemotherapy drugs that might be left to be returned to the plaintiff are in Mexico, Missouri, in the possession of Waheed.

13. I have not contracted with the plaintiff, nor has Mary Ellen Mullen. We have not used any of plaintiff's products, and have no contacts with the State of Alabama.

14. Travel to Alabama, and time spent away from my medical practice, would be extremely burdensome on me, but even more so on my patients and the patients of Mary Ellen Mullen, M.D., who has a small town internal medicine practice and also assists in staffing the local emergency room.

I affirm, under the penalties for perjury, that the foregoing representations are true and correct to the best of my knowledge, information and belief.

FURTHER, AFFIANT SAYETH NOT
Dated this _14th_ day of May, 2007.

_____
Norvin Eugene Thomas, D.O.

2

State of Missouri            )
                             ) ss.
County of Audrain            )

    Subscribed and sworn to before me, a Notary Public in and for said county and state, this 14th day of May 2007.

AMY N. SWINEY
Notary Public - Notary Seal
STATE OF MISSOURI
Monroe County
My Commission Expires: March 11, 2011
Commission # 07023508

Amy Swiney, Notary Public
Commissioned in Monroe County

My commission expires: March 11, 2011

3