IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a )<br>ONCOLOGY SUPPLY COMPANY            )<br>2801 Horace Shepard Drive,                        )<br>Dothan, Alabama 36303,                              )<br>                                                                    )<br>                **Plaintiff,**            )<br>    v.                                                        )<br>                                                                    )<br>MEXICO MEDICAL SPECIALISTS, L.C.    )<br>600 Medical Park Drive                                )<br>Mexico, Missouri 65265,                              )<br>                                                                    )<br>                **Defendant.**          ) | CASE NO.: 1:07cv334-MEF-SRW |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

**COMES NOW** the plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("ASD" or "OSC") and submits its response in opposition to Defendant Mexico Medical Specialists, L.C.'s ("Mexico Medical") Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue (the "Motion") and respectfully requests that this Court deny Mexico Medical's Motion.

### I.    INTRODUCTION

This is a classic case of a company, Mexico Medical, who purchased goods on credit from Plaintiff, OSC, and then refused to pay for those goods. Mexico Medical now owes OSC over $165,487.87 for goods purchased on credit. OSC filed this action with this Honorable Court because OSC is located in this district, and Mexico Medical consented to the jurisdiction of this Court. Mexico Medical has filed a motion to dismiss challenging this Court's jurisdiction and venue. It should be denied.

On January 25, 1999, Mexico Medical entered into a contract, the Application for New

1577666 v1

Account, with OSC for an extension of credit for commercial business use (the "Agreement"), a copy of which is attached to the Complaint and First Amended Complaint. Pursuant to the Agreement, OSC extended credit to Mexico Medical when it sold pharmaceutical and other products to Mexico Medical on open account. The Agreement was entered into between OSC and Mexico Medical, a Missouri corporation; the individual doctors of Mexico Medical were not parties to the Agreement, which was signed on behalf of Mexico Medical by its agent, Practice Manager Diane Haydorn.

Mexico Medical has refused to pay for the goods purchased despite OSC's repeated demand for payment. As a result, OSC is owed over $165,487.87 from Mexico Medical, plus interest, late charges, and attorneys' fees as set forth in the Agreement. Accordingly, OSC was forced to bring this action for breach of contract, breach of account stated, and unjust enrichment in an attempt to recover its due remuneration. OSC brought this action in the Middle District of Alabama because, <u>inter alia</u>, OSC is located here, and under the Agreement, Mexico Medical specifically consented to the jurisdiction and laws of the State of Alabama. Further, all of OSC's witnesses, documents, and its principal place of business are in the Middle District of Alabama. Venue is proper in this Court, and litigating in any other district would be unduly burdensome on OSC.

## II.  ARGUMENT

**A.  Venue is Proper in this Court, Which Has Jurisdiction Over Mexico Medical.**

    **1.  Mexico Medical Submitted Itself to the Personal Jurisdiction of this Court.**

There can be no doubt that this Court has jurisdiction over Mexico Medical. Mexico Medical signed a contract specifically "consent[ing] and agree[ing] to the jurisdiction of the laws of the State of Alabama. . . ." Mexico Medical cannot now be heard to argue that this Court

lacks personal jurisdiction after explicitly contracting to be subject to its very jurisdiction. In fact, Mexico Medical admits as much in its brief in support of the Motion: "Personal jurisdiction may be proper as to the entity, [Mexico Medical], in Alabama. . . ." (Brief in Support of Motion to Dismiss at 3.)

That Mexico Medical spends three paragraphs arguing that there may not be personal jurisdiction over the doctors it employs is of no moment; Mexico Medical is the only party defendant to this action, and Mexico Medical acknowledges as much: "Granted, Plaintiff has not sued any of the physician members of [Mexico Medical] individually. . . ." (Brief in Support of Motion to Dismiss at 4.) Mexico Medical is subject to this Court's personal jurisdiction as is OSC -- the only two parties in this matter.

Further, Mexico Medical seems to insinuate that it may not be subject to personal jurisdiction because its agent, an office manager of Mexico Medical, signed the Agreement. That its agent entered into the Agreement on behalf of Mexico Medical is inconsequential to whether this Court has personal jurisdiction over the corporate entity. Mexico Medical permitted its agent to enter into the Agreement with OSC, binding Mexico Medical to the terms of the Agreement. See Advertiser Co. v. Electronic Engineers, Inc. 527 So. 2d 1317, 1320 (Ala. Civ. App. 1988) (citing Perry v. Meredith, 381 So. 2d 649 (Ala. Civ. App. 1980)) (the authority of the agent to act on behalf of the principal is implied where the principal passively permits the agent to appear to a third person to have authority to act on its behalf). If Mexico Medical is really arguing that its agent lacked actual, implied, or apparent authority to execute the Agreement, it must do so more clearly and specifically than it has done to date. Mexico Medical agreed to subject itself to the jurisdiction of the courts of Alabama, has admitted as much in its brief, and cannot now be heard to argue otherwise.

2.   **Venue is Proper in the Middle District of Alabama.**

Venue in a civil case in which jurisdiction is predicated solely on diversity of citizenship, as here, is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a)(2). A substantial part of the events giving rise to OSC's claims arose in the Middle District of Alabama. OSC is located in Dothan, Alabama, the same city in which this Court sits. (Lewis Declaration ¶¶ 3-4, 10, attached hereto as Exhibit A.) The Agreement was drafted by OSC in the Middle District of Alabama, and OSC was in this district when it contracted with Mexico Medical. (*Id.* ¶ 5.) Further, Mexico Medical called Dothan, Alabama to place orders with OSC for the Goods, and OSC generated and sent invoices to Mexico Medical from the Middle District of Alabama. (*Id.* ¶¶ 6-7, 9.) Mexico Medical's failure to pay OSC in Alabama, for the Goods shipped from Alabama, is the very event that directly gives rise to the claims here asserted by OSC. Accordingly, proper venue lies in the Middle District of Alabama. See Morgan v. North Mississippi Medical Ctr., Inc., 403 F. Supp. 2d 1115, 1123 (S.D. Ala. 2005) (quoting Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003)) ("In evaluating whether events or omissions support venue under § 1391(b) . . . 'only the events that directly give rise to a claim are relevant.'").

That venue may also be proper in the Eastern District of Missouri is immaterial to whether venue is proper in the Middle District of Alabama. Section 1391 contemplates that, in many cases, venue will be proper in more than one district. Jenkins Brick, 321 F.3d at 1371. See also Wight & Miller, Federal Practice and Procedure § 3806 ("[I]t is now absolutely clear that there can be more than one district in which a substantial part of the events giving rise to the claim occurred."). Moreover, under Section 1391, "a plaintiff does not have to select the venue with the **most** substantial nexus to the dispute, as long as she chooses a venue where a substantial

part of the events giving rise to the claim occurred." Morgan, 403 F. Supp. 2d at 1122 (emphasis supplied). Thus, the question is not whether the majority of the events at issue occurred in the Middle District of Alabama, nor is it the relative magnitude and significance of the events occurring in this judicial district as compared to the Eastern District of Missouri. Id. at 1123. Rather, the question is simply whether a "substantial part" of the events transpired here, which it is clear that they did. Id. Thus, venue is proper in the Middle District of Alabama.

B.     **The Balance of Convenience, in Light of the Considerable Deference Accorded a Plaintiff's Choice of Forum, Does Not Favor Venue Transfer.**

A district court may transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interests of justice. 28.U.S.C. § 1404(a). The decision of whether a motion for a change of venue should be granted is within the sound discretion of the trial court. Vizionworks, LLC v. Ellenburg, No. 2:07-cv-96-MEF-TFM, slip op. at 1. (M.D. Ala. April 12, 2007) (quoting Hutchens v. Bill Heard Chevrolet Co., 928 F. Supp. 1089, 1090 (M.D. Ala. 1996)). Section 1404(a) applies only in cases where the plaintiff's chosen venue is proper, and the action may only be transferred to a venue in which the action could have originally been brought. Id. If these two criteria are met, the district court must decide whether the balance of convenience favors a transfer of venue. Id. at 2 (citing Johnston v. Foster-Wheeler Constructors, Inc., 158 F.R.D. 496, 503 (M.D. Ala. 1994)). The following factors are considered when balancing convenience: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency. Id. (citing Folkes v. Haley, 64 F. Supp. 2d 1152 (M.D. Ala. 1999)). It is the defendant who bears the burden of showing that the suggested forum is more convenient. Id. (quoting In re Ricoh

Corp., 870 F.2d 570, 572 (11th Cir. 1989)). The district court must make a case-by-case determination based on principles of fairness and convenience. Id. (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

Defendant Mexico Medical has failed to meet its burden of showing that the Eastern District of Missouri is more convenient than the Middle District of Alabama. The crux of Mexico Medical's argument is that its witnesses and records are all located in Mexico, Missouri, and thus the costs incurred for travel to Alabama for trial would be great.[1] (See Brief in Support of Motion to Dismiss at 5.) While this may be true, "Section 1404(a) allows transferring to a more convenient forum, 'but not one which is likely to prove equally convenient or inconvenient.'" Vizionworks, No. 2:07-cv-96-MEF-TFM, slip op. at 2 (quoting Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964)). Transfer to the Eastern District of Missouri will prove equally inconvenient, simply substituting Defendant's inconvenience for that of Plaintiff. OSC is located in the Middle District of Alabama. (Lewis Dec. ¶¶ 3-4, 10.) Accordingly, all of OSC's principal witnesses are located in Dothan, Alabama and the costs incurred by the witnesses necessary for OSC's case, if forced to travel to Missouri for trial, would be substantial. (Id. ¶¶ 12-13.) Moreover, all of OSC's records are located in Alabama. (Id. ¶ 11.) Mexico Medical has neither met its burden nor overcome the strong presumption in favor of the Plaintiff's choice of venue.

At best, Mexico Medical has shown that the convenience of the parties amounts to a wash in this case, as it is certainly more convenient for OSC, whose principal place of business is in

---

[1] The United States District Court for the Southern District of Alabama, in denying a motion to transfer venue, has recently held that "given the ability to move documents with relative ease in today's world, the location of documents (and other sources of proof) factor certainly does not weigh heavily in favor of transfer. . . ." Pet Friendly, Inc. v. Catapult Group, L.L.C., 2006 WL 3690737, at *2 (S.D. Ala. Dec. 12, 2006).

Dothan, Alabama, to pursue this lawsuit in this Court, whereas it is more convenient for Mexico Medical to defend the action in the Eastern District of Missouri, where the defendant resides. Such a wash is insufficient to warrant a transfer of venue. See Pet Friendly, 2006 WL 3690737, at *2 (transfer of venue not available where transfer would be equally inconvenient to the plaintiff). This is true especially when considered against the considerable deference accorded the plaintiff's choice of forum. See Vizionworks, No. 2:07-cv-96-MEF-TFM, slip op. at 2 (quoting Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000) ("[T]he weight to be given the plaintiff's forum choice is significant and 'will not be disturbed unless the other factors weigh substantially in favor of transfer.'"); In re Ricoh Corp., 870 F.2d at 573 (same).

Mexico Medical has failed to meet its burden of establishing that this case represents one of the rare situations warranting the disturbance of the plaintiff's choice of forum. While it may be true that Mexico Medical's witnesses will be burdened by traveling to Alabama, OSC's witnesses will be equally burdened by being forced to travel to Missouri. Further, Mexico Medical knew that it would likely be sued in an Alabama court when it explicitly consented and agreed to the jurisdiction of the State of Alabama. This Court has jurisdiction over Mexico Medical; venue is proper in the Southern Division of the Middle District of Alabama; and convenience factors do not weigh in favor of a transfer to the Eastern District of Missouri or to any other judicial district.

### III.    CONCLUSION

For all of the foregoing reasons, plaintiff Oncology Supply Company respectfully requests that this Court deny defendant Mexico Medical Specialists, L.C.'s Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue, and Suggestions in Support

Thereof.

Respectfully submitted,

s/Elizabeth B. Shirley
Attorney for Plaintiff

**OF COUNSEL:**

**BURR & FORMAN, LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100
email: bshirley@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, that all parties are represented by counsel to whom the CM/ECF system will send a Notice of Electronic Filing.

s/Elizabeth B. Shirley

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC.<br>d/b/a ONCOLOGY SUPPLY COMPANY<br>2801 Horace Shepard Drive<br>Dothan, Alabama 36303,<br><br>                      Plaintiff,<br><br>      v.<br><br>MEXICO MEDICAL SPECIALISTS, L.C.<br>600 Medical Park Drive<br>Mexico, Missouri 65265,<br><br>                      Defendant. | CIVIL ACTION<br><br>NO.: 1:07-CV-334-MEF |

### DECLARATION OF KELLY LEWIS

I, Kelly Lewis, being of lawful age declare that:

1. I am the Credit Collections Supervisor for Oncology Supply Company ("OSC"), the plaintiff in this action.

2. As the Credit Collections Supervisor for OSC, I am familiar with OSC's relationship and dealings with Mexico Medical Specialists, L.C. ("Mexico Medical"), the defendant in this action.

3. OSC has its principal place of business in Dothan, Alabama.

4. On or about January 25, 1999, when OSC and Mexico Medical entered into the Application for New Account (the "Agreement"), OSC was located in Dothan, Alabama.

5. The Agreement reflects that OSC is located in Dothan, Alabama, was prepared for Mexico Medical in Dothan, Alabama, and was sent to Mexico Medical from OSC in Dothan, Alabama.

PHIL1 738084-1

6. Subsequent to entering into the Agreement, Mexico Medical would place orders for goods and products with OSC by contacting OSC in Dothan, Alabama.

7. OSC generated all invoices for goods at its Dothan, Alabama office, and billed Mexico from the same office.

8. Almost all goods and products ordered by Mexico Medical and shipped to Mexico Medical were shipped from OSC's Supply Distribution Center in Dothan, Alabama.

9. The orders for the goods and products that Mexico Medical has not paid for were taken by OSC in Dothan, Alabama; the invoices reflecting those orders were generated in Dothan, Alabama; and the goods and products themselves were shipped to Mexico Medical from Dothan, Alabama.

10. At all times that Mexico Medical dealt with OSC, OSC was located in Dothan, Alabama.

11. Accordingly, all records of OSC's dealings with Mexico Medical are located in Dothan, Alabama.

12. Further, all potential witnesses and documents that will be needed in the above-captioned case are located in Dothan, Alabama.

13. It would be extremely burdensome and inconvenient for OSC to try this case in Missouri.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on June 6, 2007**

*Kelly Lewis*
Kelly Lewis