IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., <br> d/b/a ONCOLOGY SUPPLY COMPANY, <br><br> PLAINTIFF, <br><br> v. <br><br> MEXICO MEDICAL SPECIALISTS, L.C., <br><br> DEFENDANT. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:07-cv-334-MEF-SRW <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue, and Suggestions in Support Thereof (Doc. # 8) filed on June 4, 2007 by Defendant Mexico Medical Specialists, L.C. ("Mexico Medical"). The Court has considered the arguments in support of and in opposition to the motion and finds that it is due to be DENIED.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On April 18, 2007, ASD Specialty Healthcare, Inc. which does business as Oncology Supply Company ("ASD") filed suit against Mexico Medical in the United States District Court for the Middle District of Alabama. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). According to the allegations of the Complaint, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims in this action occurred in this judicial district and defendant has consented to being sued in this judicial district. ASD is a medical and

pharmaceutical product supplier with a business location in Dothan, Alabama. Mexico Medical is a Missouri limited liability company. ASD alleges that Mexico Medical purchased certain pharmaceutical and other products from it and has refused to pay for those products. By this lawsuit, ASD seeks payment for the products and other items of damages set forth by the agreement which allegedly existed between the parties.

## DISCUSSION

Mexico Medical's argument in support of its motion to dismiss due to improper venue is rather difficult to follow. It appears to argue that Missouri is an appropriate venue pursuant to 28 U.S.C. § 1391(a). This fact is not disputed by ASD, however, this fact alone is not relevant to the issue of whether venue is appropriate in this Court as alleged. Moreover, Mexico Medical appears to concede that this Court has personal jurisdiction over it.[1] Mexico Medical argues that the Court lacks personal jurisdiction over its remaining members or persons, but none of these persons are parties to this action. Thus, the Court fails to see the relevance of such a contention to the analysis of the appropriateness of venue in this Court.

The relevant federal statute for determining the proper venue in this action, which is founded on diversity of citizenship alone, is 28 U.S.C. § 1391(a). That statute provides that

> A civil action wherein jurisdiction is founded only on diversity
> of citizenship may, except as otherwise provided by law, be

---

[1] This would be a wise concession as this Court is well satisfied that it has personal jurisdiction over Mexico Medical.

>       brought only in (1) a judicial district where any defendant
>       resides, if all defendants reside in the same State, (2) a judicial
>       district in which a substantial part of the events or omissions
>       giving rise to the claim occurred, or a substantial part of
>       property that is the subject of the action is situated, or (3) a
>       judicial district in which any defendant is subject to personal
>       jurisdiction at the time the action is commenced, if there is no
>       district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The Court is satisfied that a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred in the Middle District of Alabama. Accordingly, this Court is a proper venue for this action. 28 U.S.C. § 1391(a)(2). To the extent that Mexico Medical seeks dismissal of this action due to improper venue, the motion is due to be DENIED.

Having determined that venue is appropriate here, the Court will now consider Mexico Medical's alternative request for transfer of venue to the United States District Court for the Eastern District of Missouri. Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interests of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala.1996); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993), *cert. denied*, 513 U.S. 814 (1994); *Holmes v. Freightliner, LLC.*, 237 F. Supp. 2d 690, 692 (M.D. Ala. 2002).

First, § 1404(a) only applies in cases where the plaintiff's chosen venue is an

appropriate venue. As previously stated, the Court finds that plaintiff's chosen venue is an appropriate one. Second, the action may only be transferred to a venue in which the action could have originally been brought. *See* 28 U.S.C. § 1404(a). It is also apparently undisputed that this action could have originally been brought in the Eastern District of Missouri, the venue proposed by the movant and a venue in which the sole defendant resides.

After determining whether the action could have been brought in the transferee district court, the Court must decide whether the balance of convenience favors transfer. *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994). Courts generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency. *See Folkes v. Haley*, 64 F. Supp. 2d 1152 (M.D. Ala. 1999); *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla. 1996).

Section 1404(a) analysis recognizes that the plaintiff's selected forum is presumptively correct, and accordingly, the Court affords deference to a plaintiff's selection. Federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. *See In re Ricoh Corp.*, 870 F.2d at 573; *Hutchens*, 928 F. Supp. at 1090. As some courts have stated, the weight to be given the plaintiff's forum choice is significant and "will not be disturbed unless the other factors weigh substantially in favor of transfer." *Mohamed v.*

*Mazda Motor Corp.*, 90 F.Supp. 2d 757, 774 (E.D. Tex. 2000) (citation omitted). The defendant, therefore, bears the burden of demonstrating that the suggested forum is *more* convenient. *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989). Section 1404(a) allows transfer to a more convenient forum, "but not one which is likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). A court faced with a motion to transfer must engage in an "individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

This Court has carefully considered the relevant factors. The Court finds that Mexico Medical has failed to meet its burden of showing that the Eastern District of Missouri is more convenient than the Middle District of Alabama and has not shown that an analysis of the relevant factors overcomes the strong presumption in favor of the plaintiff's choice of venue. Accordingly, the motion to transfer venue is due to be DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue, and Suggestions in Support Thereof (Doc. # 8) is DENIED.

DONE this the 6th day of September, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

5