IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD Specialty Healthcare, Inc., <br> d/b/a Oncology Supply Company, <br> <br> Plaintiff, <br> <br> v. <br> <br> Mexico Medical Specialists, L.C., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 1:07cv334-MEF-SRW <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF DEFENDANT MEXICO MEDICAL SPECIALISTS, L.C.

Comes now the Defendant, Mexico Medical Specialists, L.C., by and through its undersigned attorney of record, and for answer to Plaintiff's First Amended Complaint says as follows:

### FIRST DEFENSE

1. Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 1, and therefore denies the same and demands strict proof thereof.

2. Defendant admits the material allegations of paragraph 2.

3. Defendant Mexico Medical Specialists, L.C. admits only that it is a Missouri limited liability company. Defendant is without sufficient information to form an opinion as to the truth of the remaining allegations, if any, in paragraph 3, and puts Plaintiff upon strict proof thereof.

4. Defendant denies the allegations of paragraph 4 and demands strict proof of the same.

5. Defendant denies the allegations of paragraph 5 and demands strict proof of the same.

### BACKGROUND

6. Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 6 and therefore denies the same and demands strict proof thereof.

7. Defendant admits only that Plaintiff Oncology Supply Company provided chemotherapy pharmaceutical products for use by Shahid Waheed, M.D., a disassociated member of Defendant. Defendant denies the remaining allegations of paragraph 7 and demands strict proof of the same.

8. Defendant admits only that Plaintiff Oncology Supply Company sold and provided chemotherapy pharmaceutical products for use by Shahid Waheed, M.D., a disassociated member of Defendant. Defendant further states that the document attached as Exhibit A to Plaintiff's First Amended Complaint speaks for itself. Defendant denies the remaining allegations, if any, of paragraph 8 and demands strict proof thereof.

9. Defendant admits only that Plaintiff has made demand upon it for payment and that Defendant has been unable to meet said demand due to the disassociation of Shahid Waheed, M.D.

10. Defendant admits only that Plaintiff has made demand upon it for payment and that Defendant has been unable to meet said demand due to the disassociation of Shahid Waheed, M.D. Defendant denies all remaining allegations, if any, in paragraph 10 and demands strict proof thereof.

11. Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 11, and therefore denies the same and demands strict proof thereof.

12. Defendant states that the Agreement speaks for itself. Defendant denies all remaining allegations of paragraph 12 and demands strict proof thereof.

## COUNT I

13. In response to paragraph 13 of Count I of Plaintiff's First Amended Complaint, Defendant hereby incorporates by reference as if fully set out herein all responses previously made herein.

14. Defendant admits only that Plaintiff provided chemotherapy pharmaceutical products for use by Shahid Waheed, M.D., a disassociated member of Defendant, and that Plaintiff has invoiced Defendant for payment, which payment Defendant has been unable to make due to the disassociation of Shahid Waheed, M.D. Defendant denies all remaining allegations of paragraph 14 and demands strict proof thereof.

15. Defendant admits only that Plaintiff has made demand upon it for payment, and that Defendant has been unable to meet said demand due to the disassociation of Shahid Waheed, M.D. Defendant denies all remaining allegations of paragraph 15 and demands strict proof thereof.

16. Defendant incorporates herein by reference its responses to paragraphs 14-15, above, as if fully set out herein.

17.   Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 17 and therefore denies the same and demands strict proof thereof.

## COUNT II

18.   In response to paragraph 18 of Count II of Plaintiff's First Amended Complaint, Defendant hereby incorporates by reference as if fully set out herein all responses previously made herein.

19.   Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 19, and therefore denies the same and demands strict proof thereof.  For further answer, Defendant states that any such arrangement would have been with Shahid Waheed, M.D., the only member of Defendant to use Plaintiff's chemotherapy pharmaceuticals and oncology products.

20.   Defendant incorporates herein by reference its response to paragraph 19, above. Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 20 and therefore denies the same and demands strict proof thereof.

21.   Defendant incorporates herein by reference its response to paragraph 19, above. Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 21 and therefore denies the same and demands strict proof thereof.

22.   Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 22 and therefore denies the same and demands strict proof thereof.

23.   Defendant admits only that Plaintiff has made demand upon it for payment and that Defendant has been unable to meet said demand due to the disassociation of Shahid Waheed, M.D. Defendant denies all remaining allegations of paragraph 23 and demands strict proof thereof.

24.   Defendant is without sufficient information to form an opinion as to the truth of the allegations in paragraph 24 and therefore denies the same and demands strict proof thereof.

## COUNT III

25.   In response to paragraph 25 of Count III of Plaintiff's First Amended Complaint, Defendant hereby incorporates by reference as if fully set out herein all responses previously made herein.

26.   Defendant denies the material allegations of paragraph 26 and demands strict proof thereof.

27.   Defendant admits only that Plaintiff has made demand upon it for payment, and that Defendant has been unable to meet said demand due to the disassociation of Shahid Waheed, M.D. Defendant denies all remaining allegations of paragraph 27 and demands strict proof thereof.

28.   Defendant denies the material allegations of paragraph 28 and demands strict proof thereof. For further answer, Defendant affirmatively states that Shahid Waheed, M.D., a disassociated member of Defendant, would have been the only physician member of Defendant to accept delivery, use, or retain Plaintiff's chemotherapy pharmaceutical products.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### THIRD DEFENSE

Plaintiff's claims are barred in that no valid and enforceable contract exists between the parties.

### FOURTH DEFENSE

Defendant denies all allegations contained in Plaintiff's Complaint which it has not affirmatively admitted in this Answer.

### FIFTH DEFENSE

Said Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its answer to assert such defenses.

RAMSEY, BAXLEY & McDOUGLE

By: *Wade H. Baxley*
Wade H. Baxley          (BAX004)
Al. St. Bar No.: ASB-6655-X83W
P.O. Drawer 1486
Dothan, Alabama 36302
334-793-6550
334-793-1433 (Facsimile)
whb@rbmlaw.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice of my filing of the same will be electronically served on:

Elizabeth B. Shirley, Esq. @ bshirley@burr.com; edyer@burr.com

_Wade H. Bayley_
Of Counsel